UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>RYSTAL</small> K<small>EMP</small>,

       Plaintiff,                           Hon. Paul L. Maloney

v.                                              Case No. 1:20-CV-853

R<small>OBERT</small> P<small>ATTISON</small>, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on September 3, 2020, against the Honorable Robert Pattison, Terry Weiandnt, and "all other interested parties." (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint□s allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

This action stems from Plaintiff's dissatisfaction with one or more child custody and support orders entered by the Honorable Robert Pattison,[1] a state court judge sitting in St. Joseph County, Michigan.  Plaintiff alleges that Judge Pattison's orders

---

[1] In her complaint, Plaintiff misspells Judge Pattison's last name.  However, in light of the bar registration number provided by Plaintiff, as well as a document attached to Plaintiff's complaint, it is clear that Plaintiff is suing Judge Pattison.

2

are "null and void" because he is not licensed to practice law in the state of Michigan. Plaintiff also alleges that Judge Pattison is guilty of "legal malpractice." Plaintiff also sues Terry Weiandnt. While not stated explicitly, Weiandnt is apparently the father of the child or children whose custody and/or support are the subject of Judge Pattison's orders. Plaintiff asserts that Weiandnt subjected her to physical and mental abuse.

Plaintiff's claims against Judge Pattison cannot proceed. A review of the State Bar of Michigan Active Member Roster reveals that Judge Pattison is, in fact, licensed to practice law in the state of Michigan. Thus, Judge Pattison was acting in his official capacity as a judicial officer when he undertook the actions giving rise to this action. Claims arising from such actions, however, are barred by judicial immunity. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). Plaintiff's claims against Weiandnt likewise fail because Plaintiff has not alleged any facts which, if proven, would entitle her to relief. In the alternative, the Court declines to exercise jurisdiction over Plaintiff's claims against Weiandnt, which sound in Michigan tort law. *See* 28 U.S.C. § 1367; *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Finally, to the extent Plaintiff seeks to assert any claim against "all other interested parties," such fails as Plaintiff has alleged no facts which, if proven, would entitle her to relief.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 15, 2020          /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge