UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL KEMP,

    Plaintiff,

v.

ROBERT PATTISON, et al.,

    Defendants.
_____/

Case No. 1:20-cv-853

Honorable Hala Y. Jarbou

## ORDER

Before the Court are three motions brought by Plaintiff. (ECF Nos. 7-9.) Two motions (ECF Nos. 7-8) seek leave to file an amended complaint, while the third motion asks the Court to stay an order issued from state court pending resolution of the present case. (ECF No. 9.)

Plaintiff filed her original complaint on September 3, 2020. (ECF No. 1.) On September 15, 2020, Magistrate Judge Phillip J. Green issued a Report and Recommendation (R&R) recommending that the complaint be dismissed for failure to state a claim. (ECF No. 5.) The R&R recommended that the claims be dismissed against Judge Robert Pattison as he was entitled to judicial immunity, whereas the Court should decline to exercise supplemental jurisdiction over the claims against Terry Weiandt. The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so expired on September 29, 2020. On review, the Court concludes that the R&R correctly analyzes the issues and makes a sound recommendation, which merits dismissal of the case.

However, the case should not be dismissed if Plaintiff were permitted to amend her complaint, and those amendments stated a claim on which relief could be granted. "A party may

amend its pleading once as a matter of course" within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). Where the 21-day period has elapsed, "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Parties should not be given leave to amend where the proposed amendments would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Futility exists where the proposed amendments would not save a complaint from dismissal. *See id.* ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.") (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Taken together across both motions, Plaintiff proposes the following amendments to her complaint: (1) that Judge Robert Pattison be dismissed as a defendant; (2) that Defendant Weiandt's parents be added as defendants; (3) that claims for sexual assault, abuse, and child kidnapping be brought against Weiandt and his parents; and (4) that Plaintiff seeks $100,000 in damages for her claims against Weiandt and his parents.[1] These proposed amendments are futile.

As noted in the R&R, Plaintiff's allegations against Weiandt "sound in Michigan tort law." The Court perceives no basis for a federal claim in Plaintiff's complaint or the proposed amendments, and thus could only exercise original jurisdiction over the new claims if diversity jurisdiction existed. Federal courts may exercise jurisdiction over claims rooted in state law so long as the amount in controversy exceeds $75,000 and no plaintiff resides in the same state as any defendant. 28 U.S.C. § 1332. From Plaintiff's filings, it appears that all parties are residents of Michigan. If Plaintiff's proposed amendments were permitted, the Court would lack original

---

[1] Plaintiff also announced her intent to seek criminal charges in state court with respect to the allegations against Weiandt and his parents. (ECF No. 8.)

jurisdiction to hear the new claims and would decline to exercise supplemental jurisdiction. The proposed amendments are therefore futile. Leave to amend the complaint will not be granted.

Plaintiff's final motion asks the Court to stay an order from state court pending resolution of the present case. (ECF No. 9.) The request is moot because the Court is dismissing the case for the reasons set forth above.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 5) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Complaint (ECF No. 7), and Plaintiff's Motion to Amend/Correct Complaint and Submission of Evidence in Support (ECF No. 8) are **DENIED** as futile.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Stay State Court Order (ECF No. 9) is **DENIED AS MOOT**.

A judgment will enter in accordance with this Order.

Dated:   November 5, 2020              /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       UNITED STATES DISTRICT JUDGE